UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GEORGE A. SHEPHERD, JR.,

    Plaintiff,

v.                                      Case No. 3:23-cv-249-MMH-PDB

JUAN QUISPE,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff George A. Shepherd, Jr., a pretrial detainee at the Suwannee County Jail, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He moves to proceed in forma pauperis, Doc. 2, and requests appointment of counsel, Doc. 3. He names one Defendant – Sheriff Deputy Juan Quispe. Doc. 1 at 2. Shepherd argues that Quispe violated his rights under the Fourth Amendment. Id. at 3. In support of his claim, Shepherd asserts that on August 1, 2022, Quispe initiated a traffic stop of Shepherd and Shepherd promptly complied. Id. at 4. Shepherd contends, however, that Quispe "falsified the police report and inc[i]dent report to imprison [him] or falsely arrest [him]." Id. at 4. According to Shepherd, Quispe incorrectly accused him of fleeing when Quispe activated his patrol car's lights and siren. Id. Shepherd argues he did not flee, and Quispe's dashboard camara footage

supports Shepherd's version of events. Id. He asserts he is still being housed at the Suwannee County Jail and because of Quispe's actions, he has suffered pain, mental distress, and lost wages. Id. at 5. As relief, he requests that Quispe be discharged, his 2004 40th anniversary edition Ford Mustang be returned, and he be awarded compensatory and punitive damages. Id.

A review of the Suwannee County Sheriff's Office website shows that Shepherd has been held in pretrial detention since August 1, 2022.[1] See Suwannee County Sheriff's Office, Suwannee County Inmate Search, available at www.smartcop.suwanneesheriff.com (last visited Mar. 27, 2023). According to the website, Quispe arrested Shepherd for two offenses – (1) fleeing and eluding a law enforcement officer under § 316.1935(2), Florida Statutes; and (2) a moving traffic violation under § 322.34(10)(b)1, Florida Statutes, which defines offenses involving "Driving while license suspended, revoked, canceled, or disqualified."[2] Id.

---

[1] The Court takes judicial notice of information on the Suwannee County Sheriff's Office website showing Shepherd's detention status and the offenses for which he was arrested.

[2] The website also shows that another Officer, L. McDaniel, arrested Shepherd, on an unspecified date, for three other offenses – lewd or lascivious battery, unlawful sexual contact with a minor, and obscene communication. See Suwannee County Sheriff's Office, Suwannee County Inmate Search, available at www.smartcop.suwanneesheriff.com (last visited Mar. 27, 2023). It appears that the state is prosecuting Shepherd for those three offenses in Case No. 22-473CF. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a

3

court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017)[3] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Shepherd's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Shepherd attempts to raise a claim of false arrest under the Fourth Amendment, which provides that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020)

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

(citing Wallace v. Kato, 549 U.S. 384, 388-89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, Ala., 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest."); see also Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest.").

Liberally read, Shepherd alleges Quispe lacked probable cause to arrest him for fleeing and eluding a law enforcement officer under § 316.1935(2). But even if Quispe lacked probable cause to arrest him for that offense, Shepherd fails to allege Quispe lacked probable cause sufficient to arrest Shepherd under § 322.34(10)(b)1. See, e.g., Horne v. Chick, No. 8:20-cv-781-T-02AAS, 2020 WL 5355964, at *2 (M.D. Fla. Sept. 7, 2020)[4] (quoting Baysa v. Gualtieri, 786 F. App'x 941, 944 (11th Cir. 2019) ("It is enough that probable cause exist[ed] to arrest for any crime.")); see also Skop v. City of Atlanta, 785 F.3d 1130, 1137-38 (11th Cir. 2007) (even if an officer did not have probable cause to arrest for one crime, there is no Fourth Amendment violation if there was probable cause

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

to arrest for another crime). Thus, he has failed to state a plausible Fourth Amendment claim.

For that reason, this case is due to be dismissed without prejudice. If Shepherd refiles, he is advised that a civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of March, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   George Allen Shepherd, #SCSO22JBN000958